# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BETTY JEAN NITZ,

        Plaintiff-Claimant,

        **v.**                               **Case No.  13-C-1135**

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security,**

        Defendant-Respondent.

## DECISION AND ORDER

Plaintiff-Claimant Betty Jane Nitz ("Nitz") seeks leave to proceed *in forma pauperis* on her action for judicial review of the denial of her social security disability benefits claim.  In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations:  First, whether the litigant is unable to pay the costs of commencing this action; and, second, whether the action is frivolous or malicious.  28 U.S.C. §§ 1915(a) and (e)(2)(B)(i).

By her petition and affidavit to proceed *in forma pauperis*, Nitz avers that she is unemployed.  Nitz states that she receives public assistance in the amount of $200 per month in food stamps.  Nitz owns a 1993 Oldsmobile Cutlass Ciera automobile that she estimates is worth $500.  Nitz indicates that she has $542 that her mother gave her to pay her rent.  Nitz, who has total monthly expenses of $933, states that her elderly mother supports her by paying her rent, electric, phone, internet, and co-pays.

In the Court's view, Nitz has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Nitz must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993).

Under 42 U.S.C. § 405(g), a plaintiff may obtain judicial review of the Social Security Commissioner's decision. Upon judicial review, this Court must uphold the Commissioner's final decision as long as the correct legal standards have been used and the decision is supported by substantial evidence. *See Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).

Nitz states that her request for review was denied and that the Commissioner's determinations are not supported by substantial evidence and are contrary to the law. Nitz asserts that among other problems with the Commissioner's decision, the Administrative Law Judge failed to assess Nitz's credibility as required by Social Security Ruling ("SSR") 96-7p; comply with the requirements of SSR 96-2p regarding evaluation of the opinions of Nitz's treating physician, psychologist, and physician's assistant; adequately assess Nitz's physical and mental residual functional capacity as required by SSR 96-8p; comply with the requirements of SSR 82-62 when he found that Nitz could return to her past relevant work despite her non-exertional

limitations; and failed to build an accurate and logical bridge from the evidence to his conclusions.

Nitz's Complaint states a claim that the Commissioner's decision regarding the denial of her application for disability benefits is not supported by substantial evidence, or is contrary to law. At this preliminary stage of the proceedings, the Court concludes that there may be a basis in law or in fact for Nitz's appeal of the Commissioner's decision and the appeal may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, the Court grants Nitz's request to proceed *in forma pauperis*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Nitz's petition for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -